

NUMBER 13-13-00649-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARKUS A. GREEN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 24th District Court
of Calhoun County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Markus A. Green, proceeding pro se, attempted to perfect an appeal from the trial court's denial of his petition for post-conviction habeas corpus relief.   We dismiss the appeal for want of jurisdiction.

The trial court's order denying relief was rendered on or about September 4, 2013. The notice of appeal was not filed until November 14, 2013.   No motion for new trial was

filed. On November 25, 2013, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On December 9, 2013, appellant filed an amended notice of appeal pertaining to the same trial court order and contending that appellant did not timely receive a copy of the trial court's order.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM.

2

PROC. ANN. art. 11.07, § 3(a) (West 2005); *see also Ex parte Garcia*, 988 S.W.2d 240

(Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 30th
day of January, 2014.